CINCINNATI, N. O. & T. P. R. Co. *v.* THE STATE.

(*Knoxville,* September Term, 1922.)

RAILROADS. Statute authorizing Railroad Commission to require accommodations for passengers held to supersede former statute.

Acts 1897, chapter 10, section 8, and Acts 1907, chapter 390, section 2 (Thompson's Shannon's Code, section 3059a14) vesting in the Railroad Commission power to "require the location of such depots and establishment of such freight and passenger buildings as the conditions of the roads, safety of freight, and public comfort may require," superseded and repealed by implication so much of sections 3065, 3066 (Acts 1887, chapter 225) as empowered the courts primarily to pass on the sufficiency of the accommodations of depots and waiting rooms.

Acts cited and construed: Acts 1887, chs. 10, 225; Acts 1907, ch. 390, sec. 2.

Code cited and construed: Secs. 3059a14, 3065 (T.-S.).

FROM SCOTT.

Appeal from the Circuit Court of Scott County.—HON. XEN HICKS, Judge.

H. M. CARR, for appellant.

The Attorney-General, for the State.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

The Cincinnati, New Orleans & Texas Pacific Railway Company was indicted, charged with a violation of chapter 225 of the Acts of 1887 (Thompson's Shannon's Code, section 3065 et seq.), found guilty, and has appealed in error to this court.

The pertinent provisions of said statute, as carried into Thompson's Shannon's Code, are as follows:

"Sec. 3065. Every railroad company shall provide, at or near every town containing as many as three hundred inhabitants, a waiting room for the use and accommodation of passengers or persons awaiting the arrival of trains."

"Sec. 3066. Said waiting room shall be amply commodious to accommodate the traveling public. It shall be supplied with comfortable seats, and with ample heating facilities. It shall be well lighted and heated and properly ventilated, and shall be kept clean and respectable."

The particular portion of the statute said to have been transgressed by said railway company is that portion requiring the maintenance of a waiting room amply commodious to accommodate the traveling public.

Several questions are raised in this court which we do not think it necessary to discuss.

Chapter 10 of the Acts of 1897 created a Railroad Commission and gave to that Commission wide powers respecting Railroad Companies operating in this State. Among other powers conferred upon the Railroad Commission was full authority to prescribe the character of depots which should be maintained by Railroad Companies at their different stations.

Section 8 of chapter 10 of the Acts of 1897 and section

C., N. O. & T. P. R. Co. v. State.

2 of chapter 390 of the Acts of 1907, as carried into Thompson's Shannon's Code, section 3059a14, are as follows:

"Authority is hereby vested in the Railroad Commission of Tennessee, and it is hereby made its duty, to supervise and fix the rates, charges, and regulations of railroad freight and passenger tariffs; to correct abuses and to prevent unjust discrimination and extortions in the rates for freight and passenger tariffs on the different railroads in this State, and to require the location of such depots and the establishment of such freight and passenger buildings as the conditions of the roads, safety of freight, and public comfort may require."

The broad power to require the establishment of such passenger buildings as the public comfort may require vested in the Railroad Commission seems incompatible with the previous authority given to the courts to require waiting rooms amply commodious to accommodate the traveling public. It could scarcely have been intended to repose the same power—in its nature, an exclusive power—in different tribunals.

The manifest purpose of the legislature was to give the Railroad Commission control of such matters, and we think the act of 1897 superseded and repealed by implication so much of the act of 1887 as empowered the courts primarily to pass on the sufficiency of the accommodations of railroad depots and waiting rooms.

So it results that the indictment herein is not well founded in law, and the judgment below must be reversed, and this case dismissed.